IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

       Respondent,

V.                                                CRIMINAL NO. 3:97-00160
                                                   (CIVIL ACTION NO. 3:04-1305)

MARY ALICE HATFIELD,

       Movant.

**FINDINGS AND RECOMMENDATION**

On January 13, 1998, following consummation of a plea agreement, Mary Alice Hatfield entered a plea of guilty to counts of an indictment in which she was charged with conspiracy to possess controlled substances with intent to distribute, in violation of 21 U.S.C. §846, and conspiracy to commit money laundering, in violation of 18 U.S.C. §1956(h). On April 13, 1998, she was sentenced to a term of imprisonment of one hundred fifty-one months to be followed by a term of supervised release of three years. Her sentence was affirmed on appeal. Thereafter, on March 6, 2000, Hatfield filed a motion to vacate sentence under the provisions of 28 U.S.C. §2255, alleging that counsel representing her was ineffective. Relief was denied on the basis that the motion was untimely filed, and no appeal was taken. Hatfield has now filed a motion for sentence reduction, which, because she challenges the validity of her criminal sentence, is construed as a

motion to vacate, set aside, or correct Sentence, filed under the provisions of 28 U.S.C. §2255.[1] In her present motion, movant asserts entitlement to relief based on, inter alia, the court's decisions in Apprendi v. New Jersey, 530 U.S. 476 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).[2] That motion is presently pending before the Court.

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in this case that the movant is not entitled to relief,"[3] dismissal without requiring a response from the United States is appropriate.

Among the changes made to 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), are those imposing stringent limitations on the filing of successive §2255 motions. Specifically, §2255 now requires that the second or successive motion "be certified as provided in Section 2244 by a panel of the appropriate court of appeals," and Section 2244 requires, inter alia, that an applicant "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a second application is filed in the district court. 28 U.S.C. §2244(b)(3)(A). In the absence of "pre-filing authorization" by, in this case, the Court of Appeals for the Fourth Circuit, this court is without jurisdiction to consider movant's successive application. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Movant has made no showing that she has filed an appropriate motion with the court of appeals

---

[1] In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

[2] Movant's petition was filed prior to the court's decision in United States v. Booker, 543 U.S. 220 (2005).

[3] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. In this case, it is clear that the Court lacks jurisdiction and that dismissal is required. See, Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

seeking permission to file a successive 2255 motion, and it is apparent that she has not. This Court, accordingly, lacks jurisdiction to consider her §2255 motion.

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the §2255 motion filed by Mary Alice Hatfield be dismissed without prejudice.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: December 8, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE